**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-1069

JORGE DURAN-QUEZADA; CARLOS GALLEGOS; MARCELINO MERCADO
CASTRO,

Plaintiffs - Appellants,

v.

CLARK CONSTRUCTION GROUP, LLC; BALFOUR BEATTY CONSTRUCTION,
LLC; MANGANARO MIDATLANTIC, LLC,

Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   J. Frederick Motz, Senior District
Judge.  (8:13-cv-02963-JFM)

Submitted:  August 21, 2014           Decided:  August 29, 2014

Before WYNN and FLOYD, Circuit Judges, and DAVIS, Senior Circuit
Judge.

Affirmed by unpublished per curiam opinion.

Stephen Christopher Swift, Charity C. Emeronye Swift, SWIFT &
SWIFT, ATTORNEYS AT LAW, PLLC, Alexandria, Virginia, for
Appellants.   Michael J. Schrier, Katherine A. Calogero, JACKSON
KELLY PLLC, Washington, DC, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jorge Duran-Quezada, Carlos Gallegos, and Marcelino Mercado Castro (collectively, "Plaintiffs") appeal the district court's order granting the Defendants' motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiffs argue that the Davis-Bacon Act, 40 U.S.C.A. §§ 3141-3144, 3146, 3147 (West 2005 & Supp. 2014), confers a private cause of action. Finding no error, we affirm.

We review de novo a district court's order dismissing a complaint for failure to state a claim, assuming that all well-pleaded nonconclusory factual allegations in the complaint are true. Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011). When determining whether a statute implicitly creates a private cause of action, we focus on Congressional intent. Thompson v. Thompson, 484 U.S. 174, 179 (1988). "[U]nless this congressional intent [to create a private cause of action] can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist." Nw. Airlines, Inc. v. Transp. Workers Union, 451 U.S. 77, 94 (1981).

The majority of our sister Circuits to address this question have concluded that "neither the language, the history, nor the structure of the [Davis-Bacon Act] supports the implication of a private right of action." United States ex

2

rel. Glynn v. Capeletti Bros., Inc., 621 F.2d 1309, 1317 (5th Cir. 1980); see Gronchowski v. Phoenix Constr., 318 F.3d 80, 85 (2d Cir. 2003) (collecting cases); Bane v. Radio Corp. of Am., 811 F.2d 1504 (4th Cir. 1987) (No. 86-2036) (agreeing with Capeletti Bros.). While the decisions of other circuits are not binding, their reasoning is persuasive, and we conclude that the district court did not err in dismissing Plaintiffs' complaint.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED